# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 14, 2006

## DANIEL LYNN OWEN v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Blount County**
**No. C-14447     D. Kelly Thomas, Jr., Judge**

---

**No. E2006-00821-CCA-R3-PC - Filed June 4, 2007**

---

The petitioner, Daniel Lynn Owen, pled guilty to arson and setting fire to personal property, agreeing to a concurrent sentence of ten years for arson and two years for setting fire to personal property, as a Range II, multiple offender.  The original judgment incorrectly listed the conviction for arson as a Class B felony rather than a Class C felony, and the trial court later amended the judgment to correctly indicate the petitioner had been convicted of a Class C felony.  The petitioner filed this appeal to contest the amended judgment.  We conclude that correcting a clerical mistake does not trigger a Tennessee Rule of Appellate Procedure 3 appeal as of right.  No error exists, and the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Daniel Lynn Owen, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Ellen L. Berez, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner's original judgment entered March 31, 2004, showed that he pled guilty to the reduced charge of arson, a Class B felony, as a Range II, multiple offender, with 35% release eligibility and a sentence of ten years.  This judgment remained unchanged and unchallenged until March 14, 2006, when an amended judgment was entered, changing only the Class B felony notation to a Class C felony.  The petitioner, proceeding pro se, appeals the entry of the amended judgment claiming that: (1) the trial court erred by correcting an illegal sentence without giving him an opportunity to decide for himself whether to accept the change; (2) the changed sentence is still

illegal as he is wrongfully categorized as a Range II offender; and (3) counsel was ineffective by not allowing him to decide whether or not he would accept the change.

The record in this case, relative to the issues presented, consists of a request for acceptance of a guilty plea, an original judgment, and an amended judgment. We note that arson is a Class C felony rather than a Class B felony, as noted on the original judgment. T.C.A.§ 39-14-301. It appears the trial court revised the judgment to correctly reflect arson as a Class C felony.[1] Without filing anything with the trial court, the petitioner filed a notice of appeal and later filed briefs with this court. In his brief, the petitioner admits that the Class B felony notation was incorrect and that the amended judgment's notation as a Class C felony is correct. However, the petitioner claims the trial court erred in correcting the judgment without giving him an opportunity to decide for himself to accept the change.

We disagree. Tennessee Rule of Criminal Procedure 36 states: "After giving notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or parts of the record, and errors in the record arising from oversight or omission." We conclude a court may correct a clerical mistake of this nature without the consent or permission of the petitioner.

We conclude that correcting a clerical mistake, pursuant to Tennessee Rule of Criminal Procedure 36, does not trigger an opportunity to be heard by a petitioner nor does a petitioner have the opportunity to decide whether or not to accept the correction. Further, no Rule 3 appeal as of right lies from the entry of an amended judgment entered solely to correct a clerical error. Correcting a clerical mistake results in no prejudice to a petitioner, and none was alleged or shown here.

### Conclusion

Based on the foregoing and the record as a whole, we conclude no error exists and dismiss the appeal.

_____
JOHN EVERETT WILLIAMS, JUDGE

---

[1] Tennessee Rule of Criminal Procedure 36 allows a trial judge to correct a clerical mistake without triggering an opportunity for the petitioner to be heard or requiring the petitioner's consent. Whenever an original judgment is amended, the amended judgment should reflect why the original judgment has been amended, i.e. to correct clerical mistake, etc.